J-S02021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUAN ORTIZ-REYES | : | |
| | : | |
| Appellant | : | No. 978 MDA 2022 |

Appeal  FROM the Judgment of Sentence Entered May 27, 2022
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0005175-2020

BEFORE:  PANELLA, P.J., OLSON, J., and DUBOW, J.

MEMORANDUM BY OLSON, J.:                    **FILED:  MARCH 17, 2023**

Appellant, Juan Ortiz-Reyes, appeals from the judgment of sentence entered on May 27, 2022, as made final by the denial of Appellant's post-sentence motion on June 9, 2022.  On this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  We conclude that Appellant's counsel has complied with the procedural requirements necessary to withdraw.  Moreover, after independently reviewing the record, we conclude that the instant appeal is wholly frivolous.  We, therefore, grant counsel's petition for leave to withdraw and affirm Appellant's judgment of sentence.

On April 5, 2022, Appellant entered an open guilty plea to two counts of failure to register with the Pennsylvania State Police.[1]  On May 27, 2022, the trial court sentenced Appellant to serve four to ten years in prison on the first count and to serve a concurrent term of four to ten years in prison on the second count.  Both sentences fall within the standard range of the sentencing guidelines.  *See* N.T. Sentencing Hearing, 5/27/22, at 4; Appellant's Brief at 8-9.

On June 6, 2022, Appellant filed a timely post-sentence motion, where he claimed that his sentence was excessive because the trial court "failed to properly consider [Appellant's] medical history[, including Appellant's pericarditis, cardiomyopathy, and atrial fibrillation,] . . . and the nexus between [Appellant's medical conditions] and his community-based needs." Appellant's Post-Sentence Motion, 6/6/22, at 3.  The trial court denied Appellant's post-sentence motion on June 9, 2022 and Appellant filed a timely notice of appeal.  On appeal, Appellant's counsel filed a petition for leave to withdraw and counsel accompanied this petition with an *Anders* brief.

Before reviewing the merits of this appeal, this Court must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel.  *Commonwealth v. Miller*, 715 A.2d 1203, 1207 (Pa. Super. 1998).

_____

[1] 18 Pa.C.S.A. § 4915.2(a)(1).

To withdraw under **Anders**, counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous." **Miller**, 715 A.2d at 1207. Second, counsel must file an **Anders** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Finally, counsel must furnish a copy of the **Anders** brief to his or her client and advise the client "of [the client's] right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention." **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5; **see also Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (holding that the **Anders** procedure requires this Court to review "the entire record with consideration first of the issues raised by counsel. . . .

- 3 -

[T]his review does not require this Court to act as counsel or otherwise advocate on behalf of a party. Rather, it requires us only to conduct a review of the record to ascertain if[,] on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated. We need not analyze those issues of arguable merit; just identify them, deny the motion to withdraw, and order counsel to analyze them"). It is only when all of the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw.

In the case at bar, counsel complied with all of the above procedural obligations. We must, therefore, review the entire record and analyze whether this appeal is, in fact, wholly frivolous. Our analysis begins with the claims raised in the **Anders** brief: 1) whether Appellant's sentence is manifestly excessive and 2) whether Appellant knowingly, intelligently, and voluntarily entered his guilty plea. **See** Appellant's Brief at 8-11.

Appellant's first claim on appeal challenges the discretionary aspects of his sentence. "[S]entencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion." **Commonwealth v. Ritchey**, 779 A.2d 1183, 1185 (Pa. Super. 2001).

Pursuant to statute, Appellant does not have an automatic right to appeal the discretionary aspects of his sentence. **See** 42 Pa.C.S.A. § 9781(b). Instead, Appellant must petition this Court for permission to appeal the discretionary aspects of his sentence. **Id.**

- 4 -

As this Court explained:

> [t]o reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, Pa.R.A.P. 902, 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [42 Pa.C.S.A.] § 9781(b).

***Commonwealth v. Cook***, 941 A.2d 7, 11 (Pa. Super. 2007).

Here, Appellant filed a timely post-sentence motion and notice of appeal. Further, Appellant's post-sentence motion claimed that his sentence is excessive because the trial court failed to consider his various physical ailments. ***See*** Appellant's Post-Sentence Motion, 6/6/22, at 3. While Appellant filed a timely notice of appeal and preserved his sentencing claim in a timely post-sentence motion, he failed to include a Rule 2119(f) statement in his appellate brief. Nonetheless, because the Commonwealth did not file a brief and, therefore, did not object to Appellant's failure to include a Rule 2119(f) statement, we will not find Appellant's discretionary sentencing claim waived. ***Commonwealth v. White***, 193 A.3d 977, 982 (Pa. Super. 2018). Thus, Appellant preserved his current appellate claim. We will now determine whether Appellant's claim presents a "substantial question that the sentence appealed from is not appropriate under the Sentencing Code." ***Cook***, 941 A.2d at 11.

Generally, to raise a substantial question, an appellant must "advance a colorable argument that the trial judge's actions were: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. McKiel*, 629 A.2d 1012, 1013 (Pa. Super. 1993); *Commonwealth v. Goggins*, 748 A.2d 721, 726 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). Additionally, in determining whether an appellant has raised a substantial question, we must limit our review to Appellant's Rule 2119(f) statement. *Goggins*, 748 A.2d at 726. This limitation ensures that our inquiry remains "focus[ed] on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id.* at 727 (emphasis omitted).

Appellant contends that his sentence is excessive because the trial court failed to consider his poor physical health and various medical conditions. *See* Appellant's Brief at 8-10. This Court has held that "an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question." *Commonwealth v. Swope*, 123 A.3d 333, 339 (Pa. Super. 2015) (citations omitted), *citing Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014); *see also Commonwealth v. Caldwell*, 117 A.3d 763, 770 (Pa. Super. 2015) (*en banc*) (same). Nevertheless, Appellant's claim is frivolous because, during the sentencing hearing, the trial court demonstrated it was well aware of – and thoroughly considered – Appellant's poor physical health and various medical

conditions. **See** N.T. Sentencing Hearing, 5/27/22, at 2 (trial court acknowledged that it read and considered the pre-sentence investigation report, which summarized Appellant's various medical conditions) and 6 (Appellant's attorney summarized Appellant's various medical conditions); **see also Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. 1988) ("[i]t would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand").

Next, Appellant claims that he did not knowingly, intelligently, or voluntarily enter his guilty plea. This claim is waived, as Appellant did not raise it before the trial court. **See Commonwealth v. Lincoln**, 72 A.3d 606, 609-610 (Pa. Super. 2013) ("[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver") (citations omitted). Further, since the claim on appeal is waived, the claim is frivolous under **Anders**. **Commonwealth v. Tukhi**, 149 A.3d 881, 888-889 (Pa. Super. 2016) (holding that, under **Anders**, "[a]n issue that is waived is frivolous"); **Commonwealth v. Kalichak**, 943 A.3d 285, 291 (Pa. Super. 2008) (holding: "this issue has been waived. Having been waived, pursuing this matter on direct appeal is frivolous").

We have independently considered the issues raised within Appellant's brief and we have determined that the claims are frivolous. In addition, after an independent review of the entire record, we see nothing that might

arguably support this appeal. The appeal is therefore wholly frivolous. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition for leave to withdraw.

Petition for leave to withdraw appearance granted. Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/17/2023